UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T CORPORATION, A NEW YORK CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>INTERSTATE HOLDINGS, LLC DBA CONCORD HILTON, A CALIFORNIA LIMITED LIABILITY COMPANY,<br><br>Defendant. | Case No. 23-cv-00938-LJC<br><br>**ORDER DENYING WITHOUT PREJUDICE STIPULATION FOR PROTECTIVE ORDER**<br><br>Re: Dkt. No. 48 |

On January 31, 2024, the parties filed a stipulated request to enter a protective order governing confidential information produced in discovery. ECF No. 48. This Court's Standing Order requires parties seeking a protective order to file one of the following declarations in support of any such request:

> (1) a declaration stating that the proposed order is identical to one of the model orders except for the addition of case-identifying information or the elimination of language denoted as optional;
>
> (2) a declaration explaining each modification to the model order, along with a redline version comparing the proposed protective order with the model order; or
>
> (3) a declaration explaining why use of one of the model orders is not practicable.

Standing Order for Magistrate Judge Lisa J. Cisneros (effective Oct. 23, 2023) (Standing Order) § F.6, https://cand.uscourts.gov/wp-content/uploads/2023/03/General-Standing-Order_10.23.2023.pdf.

The parties did not initially file such a declaration. After the Court directed them to do so, they filed a joint declaration stating that Plaintiff AT&T Corporation has a standard policy to enter

protective orders before producing documents in litigation "due to the sensitive and proprietary nature of materials and documents contained in a customer's file," that the parties' proposed protective order has been approved by AT&T's general counsel and used in other state and federal litigation, and that the Court's standard model protective order "is robust containing more conditions related to the protection of documents than is necessary or required in this action." ECF No. 50 (Joint Declaration) ¶¶ 3–5.

The parties' declaration does not purport to show that use of a standard or modified version of the Court's model protective order would be "not practicable" in this case, as the Standing Order requires for a wholesale departure from the Court's model protective orders. Although the Court recognizes AT&T's interest in a familiar protective order, the Court also has an interest in consistency across its cases. The Court has particular interest in using a protective order that has been drafted to harmonize with this Court's local rules (*e.g.*, Model Protective Order § 12.3 (referencing Civ. L.R. 79-5), with other applicable procedures (*e.g.*, Model Protective Order § 11 (referencing Fed. R. Civ. P. 26(b)(5)(B))), with federal standards for protection of confidential information (Model Protective Order § 2.2 (referencing Fed. R. Civ. P. 26(c)), and with principles of public access (*e.g.*, Model Protective Order § 5.1 (requiring restraint in designations)).

"Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Adopting a non-standard protective order increases the risk of future disputes over whether the parties' agreed language, and a court order adopting such language, were intended to modify those generally applicable standards. The parties have not shown that such an approach is warranted in this case.

The parties' stipulation is therefore DENIED WITHOUT PREJUDICE for failure to comply with section F.6 of the Court's Standing Order. The parties shall file a renewed stipulated request, accompanied by a declaration that complies with the Standing Order, no later than March 7, 2024.[1] The parties' renewed request may propose modifications to any portion of the model

---

[1] In the unlikely event that the parties cannot reach an agreement, the parties may raise the issue through a joint letter under section F.5 of the Standing Order by the same deadline, attaching as

1  protective order that the parties find overly robust.  *See* Standing Order § F.6(2).  The deadline for
2  AT&T to produce initial disclosures that it intends to designate as confidential is CONTINUED to
3  seven days after entry of a protective order.

4  **IT IS SO ORDERED.**

5  Dated: February 22, 2024

_____
LISA J. CISNEROS
United States Magistrate Judge

---

28  exhibits each party's proposed protective order and a declaration from each party as required by section F.6.